# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE NICHOLAS, *individually*, and Heidi L. Worden jointly d/b/a Nicholas Farms, HEIDI L. WORDEN, *individually*, and Eugene Nicholas jointly d/b/a Nicholas Farms, LYNN R. HOTTLE, *individually, and d/b/a Hottle Livestock*, <br><br>Plaintiffs, <br>v. <br><br>JEFFREY SNIDER, VALERIE SNIDER, CAV FARMS, INC., and MEDIO CIELO, LLC, <br><br>Defendants. | No. 4:18-CV-01631 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

## MAY 31, 2019

### I.  BACKGROUND

Pending before the Court is Defendants' "Motion to Amend/Correct Answer to Complaint."[1]  The motion has been fully briefed by the parties and is now ripe for disposition.  For the following reasons, the motion is granted.

---

[1]  April 8, 2019, ECF No. 27.

## II. DISCUSSION

Plaintiffs allege in the complaint that they made several agreements with Defendants for the sale of cattle, complied with their obligations to transfer the cattle to Defendants, but Defendants have failed to pay the substantial amounts due and owing for the cattle.

Defendants assert in their motion that new information has come to light through the discovery process that necessitates amending their answer to include an additional affirmative defense of judicial estoppel.[2] Defendants assert that an action filed by Plaintiffs contemporaneously with the instant action and docketed at 4:18-CV-01630, captioned *Eugene Nicolas, et. al. v. Michael Rogers, et. al* (hereinafter "the Rogers action") bars recovery in this action. In the Rogers action, Defendants have failed to defend, and entry of default was entered on September 17, 2018.[3]

---

[2] "Judicial estoppel, sometimes called the 'doctrine against the assertion of inconsistent positions,' is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). "It is not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from playing 'fast and loose with the courts.'" *Id.* (internal citation and quotations omitted.) "The basic principle ... is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Id. quoting* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4477 (1981), p. 782.

[3] Notably, however, Plaintiffs have not moved for default judgment in the Rogers action; as such, no final judgment has been entered against Defendants there.

After learning of the Rogers action, Defendants filed the instant motion in this case to amend their answer to add a tenth affirmative defense that reads: "The plaintiffs' claims are barred by the doctrine of judicial estoppel as a result of their assertions of fact put forth within a previous action which are materially contrary to the assertions found within their complaint in the instant action."[4]

Defendants' motion to amend was filed pursuant to Federal Rule of Civil Procedure 15 which provides that a pleading may be amended by leave of court and that "the court should freely give leave when justice so requires."[5] The United States Supreme Court has explained:

> "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[6]

The liberal right to amend extends to an answer to the complaint.[7]

In opposition, Plaintiffs make several arguments as to why the Court should disallow amendment. First, Plaintiffs assert that the first named defendant in the

---

[4] Defendants' "Proposed Amended Answer (marked copy)" ECF No. 27-4 at p 4.

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)(citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir. 1981).

Rogers action, Michael Rogers, is a member of Medio Cielo, LLC[8] (Defendant here); Plaintiffs argue that it is disingenuous for Defendants here to assert that they were unaware of the Rogers action until just recently.  Second, Plaintiffs contend that the Rule 15 standard should not be used to analyze the instant motion.  Instead, they argue that this Court should apply the higher standard found in Federal Rule of Civil Procedure 16.  Finally, Plaintiffs suggest that the Court should not allow Defendants to amend their answer because the amendment would not survive a Federal Rule of Civil Procedure 12(f) motion to strike.  The Court respectfully disagrees.

At first blush, Plaintiffs' position seems logical and supported: Given that Defendants have acknowledged that Michael Rogers, the named Defendant[9] in the Rogers action, is a member of Medio Cielo, LLC,[10] then certainly Rogers would have disclosed to the other members of Medio Cielo (the Defendants here), or their counsel, the existence of the Rogers action.  One of the reasons Plaintiffs' position is seemingly supported is that their sparse complaint sets forth their claims but does not provide the Court with much in the way of background.[11]  Despite that

---

[8]  A limited liability corporation formed by CAV Farms.

[9]  Along with Wendy Rogers, presumably his wife.

[10]  Defendants Answers to Plaintiffs First Set of Interrogatories, Exhibit A to Plaintiff's Brief in Opposition, April 17, 2019, ECF No. 31-1.

[11]  Plaintiffs complaint is meager, but, concededly, meets the low notice pleading requirement of Federal Rule of Civil Procedure 8.

dearth of alleged facts in the complaint, what the Plaintiffs have helpfully attached is a copy of a complaint filed in yet a third action between these parties. This tertiary[12] action was filed by Defendant (here) CAV Farms in the Supreme Court of the State of New York, Schuyler County, captioned *CAV Farms, Inc. v. Eugene Nicholas, Lynn Hottle, Michael Rogers, and Rogers Cattle Farms, LLC*, (hereinafter "the New York action").

The allegations in the New York action explain what the instant action and the Rogers action leave unanswered – mainly, why Michael Rogers does not have the same counsel as Defendants here, despite being business partners, and would be unlikely to have disclosed the Rogers action to his business partners.

In sum, the allegations in the New York action assert that Jeffrey Snider (Defendant here), formed a corporation, CAV Farms, Inc., (Defendant here, sole Plaintiff in the New York action) to supply grass-fed beef to Fresh Direct, LLC. CAV Farms alleges that Fresh Direct cancelled its contract with CAV Farms based on "a course of action [by Eugene Nicholas, Lynn Hottle (Plaintiffs here, Defendants there) and Michael Rogers (Defendant there and in the Rogers Action) and Rogers Cattle Farms, Inc.] intended to disrupt the supply relationship between CAV Farms and Fresh Direct and destroy CAV Farm's rights under the

---

[12] Tertiary in time, not in importance.

agreement…without the knowledge of CAV Farms, Jeffrey Snider, or Valerie Snider"[13] (Defendants here).

The New York action eliminates Plaintiffs' assertion that Michael Rogers would have notified Defendants here of the Rogers action. Michael Rogers was allegedly working against the interest of his Medio Cielo, LLC business partners (Defendants here) and was instead aligned with the interests of Plaintiffs here/Defendants in the New York action.

With these alleged facts now clarified, I grant Defendants motion to amend their answer under both the liberal 'when justice so requires' standard of Rule 15(a)(2) and the higher 'good cause' standard of Rule 16(b)(4).[14]

## III. CONCLUSION

Defendants' "Motion to Amend/Correct Answer to Complaint" is granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] The New York Action Complaint, ECF No. 31-3 at 6-7.

[14] Plaintiffs may certainly file a Motion to Strike under Federal Rule of Civil Procedure 12(f) should they choose to do so. However, if the facts alleged in the New York action are true, that motion will not be well-received by this Court.